IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAQUEL DANIELLE REED,

    Plaintiff,                        No. 2:10-cv-2282 DAD

    vs.

MICHAEL J. ASTRUE,               <u>ORDER</u>
Commissioner of Social Security,

    Defendant.
                                   /

        This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

        On March 22, 2007, plaintiff filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act), alleging disability beginning

/////

/////

/////

1

on October 13, 2001.¹  (Transcript (Tr.) at 73-76.)  Plaintiff's application was denied initially and on reconsideration.  (Id. at 62-72.)

Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and an administrative hearing was held before an ALJ on February 23, 2009.  (Id. at 23-53.)  Plaintiff was represented by counsel and testified at that hearing.  In a decision issued on July 27, 2009, ALJ Joseph F. De Pietro found that plaintiff was not disabled.²  (Id. at 10-22.)  The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since March 22, 2007, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: degenerative joint disease of the right ankle status post open reduction and internal fixation (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the court finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a), with the ability to lift and/or carry 10 pounds occasionally; to stand and/or walk at least 2 hours in an 8-hour workday; and to sit, with normal breaks, for about 6 hours in an 8-hour workday.  The claimant needs to elevate her feet for 15 minutes every 2 hours of the workday.  In addition, the claimant is able to stoop or crouch no more than occasionally.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on May 24, 1981 and was 25 years old, which is defined as a younger individual 18-44, on the date the application was filed.  (20 CFR 416.963).

/////

---

¹ At her administrative hearing plaintiff amended her alleged disability date to March 22, 2007, the date she filed her application for benefits.  (Tr. at 13.)

² ALJ Pietro's decision was issued on behalf of ALJ Wesker who presided over plaintiff's hearing but retired prior to the issuance of the decision.  (Tr. at 13.)

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 22, 2007, the date the application was filed (20 CFR 416.920(g)).

(Tr. at 15-22.)

On July 6, 2010, the Appeals Council denied plaintiff's request for review of the ALJ's July 27, 2009 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 25, 2010.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of

supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

/////

**APPLICATION**

Plaintiff argues that the ALJ committed the following five principal errors in finding her not to be disabled:  (1) the ALJ improperly rejected medical opinion evidence without a legitimate basis for doing so; (2) the ALJ improperly rejected plaintiff's own testimony regarding her subjective complaints without a convincing reason for so doing; (3) the ALJ's residual functional capacity determination was erroneous; (4) the ALJ erred in determining that plaintiff could perform work existing in significant numbers in the national economy; and (5) the ALJ's determination that plaintiff was not disabled was erroneous.  The court addresses plaintiff's argument below.

**I.    Medical Opinion Evidence**

Plaintiff argues that the ALJ erred with respect to his treatment of medical opinion evidence.  Specifically, plaintiff argues that the ALJ improperly rejected the opinion of examining physician Dr. Chris Shin and failed to reference the opinion of nonexamining physician Dr. Sukhdev Khangura, who testified at plaintiff's administrative hearing as a medical expert.  (Pl.'s MSJ (Doc. No. 21) at 9-12.[3])

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen v. Chater, 80 F.3d at 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

/////

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

A treating physician's uncontradicted opinion may be rejected only for clear and convincing reasons, while a treating physician's opinion that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. The ALJ, however, need not give weight to a treating physician's conclusory opinion supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113-14 (9th Cir. 1999) (affirming rejection of a treating physician's "meager opinion" on the basis that it was conclusory, unsubstantiated by relevant medical documentation, and providing no basis for finding the claimant disabled); see also Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

"The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830. An examining physician's uncontradicted opinion, like a treating physician's, may be rejected only for clear and convincing reasons, and when an examining physician's opinion is controverted by another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Id. at 830-31. Finally, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." Id. at 831 (emphasis in original).

Here, with respect to the opinion of examining physician Dr. Shin, the ALJ's decision acknowledges Dr. Shin's June 17, 2007 comprehensive orthopedic evaluation and Dr. Shin's conclusion that plaintiff "was not able to stoop or crouch . . . ." (Tr. at 18.) In his decision the ALJ gave "some weight" to portions of Dr. Shin's opinion but "less weight" to others. (Id.) It appears that one aspect of Dr. Shin's opinion that the ALJ gave less weight to was Dr. Shin's conclusion that plaintiff could not stoop, because the ALJ determined that plaintiff had the Residual Functional Capacity ("RFC") to stoop occasionally. (Id. at 17.) The
/////

ALJ's decision, however, fails to cite any specific or legitimate reason supported by substantial evidence in the record to reject Dr. Shin's opinion that plaintiff was not able to stoop.[4]

In addition, plaintiff is correct in noting that in his decision the ALJ failed to discuss the testimony of Dr. Khangura, a non-examining physician, who testified at plaintiff's hearing as a medical expert. Specifically, when asked by plaintiff's counsel, Dr. Khangura testified that in his opinion plaintiff was unable to stoop. (Tr. at 40.) In this regard, Dr. Khangura's medical opinion was consistent with that of Dr. Shin.

Thus, the court concludes that in rejecting Dr. Shin's opinion with respect to plaintiff's inability to stoop the ALJ failed to cite specific and legitimate reasons supported by substantial evidence in the record. Accordingly, the court finds that plaintiff is entitled to summary judgment in her favor as to this claim.

## II.   **Plaintiff's Testimony**

Plaintiff also argues that the ALJ improperly rejected plaintiff's own testimony regarding her subjective symptoms. (Pl.'s MSJ (Doc. No. 21) at 14-16.) In Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007), the Ninth Circuit summarized the ALJ's task with respect to assessing a claimant's credibility:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably

---

[4] The ALJ relied on Dr. Shin's opinion in rejecting the opinion of non-examining physician Dr. Jaituni, who had opined that plaintiff was able to stoop frequently, stating "the court gives less weight to the medical consultant's conclusion" that plaintiff could stoop frequently because it was "inconsistent with Dr. Shin's determinations made on examination of the claimant." (Tr. at 19.) The ALJ also noted that medical records gave "additional support to a finding that the claimant is able to stoop on less than a frequent basis . . . ." (Id.)

7

>produce the degree of symptom alleged.
>Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter, 504 F.3d at 1035-36 (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).

However, it is well established that social security claimants need not be "utterly incapacitated to be eligible for benefits." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). See also Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). In general, the Commissioner does not consider "activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs" to be substantial gainful activities. 20 C.F.R. § 404.1572(c). See also 20 C.F.R. § 404.1545(e).

/////

1        Here, the ALJ found that plaintiff's medically determinable impairments could
2   reasonably be expected to cause the symptoms alleged but that plaintiff's statements concerning
3   the intensity, persistence and limiting effects of those symptoms were "not credible" to the extent
4   they were inconsistent with the ALJ's RFC determination.  (Tr. at 20.)  In support of his decision
5   to reject plaintiff's testimony concerning the severity of her symptoms, the ALJ cited Dr.
6   Jaituni's opinion, Dr. Ghaemian's opinion and the ALJ's own finding that plaintiff had
7   "demonstrated an ability to perform a significant number of activities of daily living."  (Id.)

8        Dr. Jaituni, however, was a nonexamining physician and his opinion cannot
9   constitute a clear and convincing reason to reject plaintiff's testimony about the severity of her
10  symptoms.  See Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir.
11  2002) ("The clear and convincing standard is the most demanding required in Social Security
12  cases.  It is the same as that required to reject the uncontradicted opinion of a treating
13  physician.").

14       With respect to Dr. Ghaemian's opinion, the ALJ noted that Dr. Ghaemian
15  indicated in her November 4, 2007 evaluation that plaintiff "appeared to exaggerate her
16  symptoms."[5]  (Tr. at 21.)  Dr. Ghaemian, however, was a psychiatrist conducting a "psychiatric
17  evaluation" and the statement referred to by the ALJ appears in the "ATTITUDE AND
18  BEHAVIOR" subsection of the "MENTAL STATUS EXAMINATION" section of the
19  psychiatric evaluation.  (Id. at 203, 205.)  Accordingly, it is far from clear that Dr. Ghaemian's
20  statement that plaintiff may be exaggerating her symptoms referred to plaintiff's physical
21  symptoms as well as her mental symptoms.

22       Finally, with respect to the finding that plaintiff had demonstrated the ability to
23  perform a significant number of activities of daily living, the ALJ stated:
24  /////

---

[5] The full sentence from Dr. Ghaemian's report actually reads, "Behavior was somewhat exaggerating symptoms and at times limited historian."  (Tr. at 205.)

> Moreover, the claimant has demonstrated an ability to perform a significant number of activities of daily living, including household chores, maintaining her personal hygiene and taking care of her son. Consequently, the claimant's allegations relating to her ability to work are not entirely credible.

(Id. at 21.) The ALJ's decision, however, fails to identify what evidence he based this conclusion on. Moreover, that conclusion seems at odds with plaintiff's testimony at the hearing, where she stated that she did not get her son ready for school, did not make him breakfast, that she only cooked "some days," that her son did the laundry, the vacuuming, "fixing up things, picking things up," that plaintiff does not drive, and that when she goes to the grocery store she uses a cart to navigate the store. (Id. at 29-36.)[6]

Absent affirmative evidence of malingering, the ALJ's reasons for rejecting plaintiff's testimony "must be clear and convincing" and the "ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine, 574 F.3d at 693 (quoting Morgan, 169 F.3d at 599). For the reasons stated above, the court finds the ALJ's decision to discredit plaintiff's testimony regarding the intensity, persistence and limiting effects of her symptoms is not supported by specific, clear and convincing reasons. Accordingly, the court finds that plaintiff is entitled to summary judgment on this claim as well.[7]

---

[6] Again, the court notes that the ALJ who presided over plaintiff's administrative hearing retired before issuing a decision in the case and another ALJ was required to undertake the difficult task of issuing the decision without the benefit of being present at that hearing. Having reviewed the record of the administrative hearing, the court notes that in this case crafting a decision based upon that record was particularly challenging.

[7] In his cross motion for summary judgment, defendant points to additional potential reasons for discounting plaintiff's credibility. (Def.'s MSJ (Doc. No. 22) at 9-10.) The court, however, is required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ-not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009). Rather, the Commissioner's decision "must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." See Barbato v. Comm'r of Soc. Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996). See also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion . . . .").

CONCLUSION

The court concludes that the ALJ's errors with respect to the treatment of medical opinion evidence and plaintiff's testimony undermines the ALJ's entire evaluation and that the court need not address plaintiff's remaining arguments. With error established, the court has discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, the relevant medical opinion evidence and plaintiff's testimony regarding her subjective complaints must be properly assessed to determine plaintiff's RFC.[8] Therefore, on remand, the ALJ should address the relevant medical opinions and plaintiff's testimony concerning her subjective symptoms, and set forth specific, clear and convincing reasons if such testimony is discounted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 21) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 23) is denied;

/////

/////

---

Accordingly, if the ALJ wishes to discount plaintiff's credibility on remand, specific, clear, and convincing reasons for doing so must be set out in the written decision. See Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009).

[8] Although finding it unnecessary to address plaintiff's remaining claims, the court has nonetheless examined those claims and determined that remanding this matter for further proceedings, as oppose to reversing and awarding benefits, is appropriate.

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

DATED: February 13, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/reed2282.order